In the
United States Court of Appeals
For the Seventh Circuit

No. 97-3521

Patrick J. Higgins,

Plaintiff-Appellant,

v.

State of Mississippi, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 95 C 4464--Joan B. Gottschall, Judge.

Submitted June 8, 1999--Decided June 30, 2000

 Before Posner, Chief Judge, and Flaum and Rovner,
Circuit Judges.

 Posner, Chief Judge.  This suit under 42 U.S.C.
sec. 1983 against Illinois and Mississippi, an
Illinois municipality, and various Illinois and
Mississippi officials charges a plot to kidnap
the plaintiff from an Illinois jail and bring him
to Mississippi to face criminal prosecution. The
district court gave judgment for the defendants.
The appeal raises only two issues that merit
discussion: whether a district court may dismiss
a suit on the basis of the Eleventh Amendment
even if the state has not invoked the amendment;
and when an admission made in a prior case can be
used in the current case. An alternative ground
not presented to the district court for
dismissing the states from the suit is that
states are not "persons" within the meaning of
section 1983 and so are not liable under that
statute. Arizonans for Official English v.
Arizona, 520 U.S. 43, 69 (1997); Will v. Michigan
Dept. of State Police, 491 U.S. 66 (1989). This
could well be thought a jurisdictional ground for
dismissal and hence one that we can and should
raise on our own though it was waived in the
district court, or alternatively a
nonjurisdictional ground that we can nevertheless
notice on our own because to do so would promote
federal-state comity; but this we need not
decide. The alternative ground, the Eleventh
Amendment, is secure, as we are about to see.

A state may, it is plain, waive its Eleventh Amendment immunity from being sued in federal court either legislatively, Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 n. 1 (1985), or by an explicit waiver in the lawsuit in which it is named as a defendant, Clark v. Barnard, 108 U.S. 436, 447 (1883), provided that the waiver is authorized by state law. Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Estate of Porter by Nelson v. Illinois, 36 F.3d 684, 690 (7th Cir. 1994). The question this case presents is whether the state's failure to invoke its Eleventh Amendment immunity, by pleading or otherwise, in the suit in which it is named as a defendant (assuming the state has not legislated a waiver) operates as a forfeiture of the immunity, in which event the district court should not on its own initiative have dismissed Illinois from the case, since Illinois never bothered to respond to Higgins's complaint.

In Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998), the Supreme Court stated that "unless the State raises the matter [i.e., its Eleventh Amendment immunity], a court can ignore it." The implication (despite some fudging in an earlier sentence--"the Eleventh Amendment, however, does not automatically destroy original jurisdiction," id. (emphasis added)), contrary to earlier decisions such as Wilson-Jones v. Caviness, 99 F.3d 203, 206 (6th Cir. 1996), is that the Eleventh Amendment does not deprive the federal court of its subject-matter jurisdiction, Kennedy v. National Juvenile Detention Ass'n, 187 F.3d 690, 696 (7th Cir. 1999); Parella v. Retirement Bd. of Rhode Island Employees' Retirement System, 173 F.3d 46, 55 (1st Cir. 1999); see also Patsy v. Board of Regents, 447 U.S. 496, 515 n. 19 (1982), since if it did, the court could not ignore the presence of an Eleventh Amendment immunity just because it had not been argued. A more refined analysis might distinguish between the "original" Eleventh Amendment, which forbids the federal courts to entertain diversity suits against states and thus is clearly jurisdictional, from the later interpretations that transformed the amendment into a comprehensive charter of state sovereign immunity, creating thus an affirmative defense rather than a limitation on jurisdiction.

But that is an aside; the important point is that the Court in Schacht (which was not a diversity case, but a case in which the Eleventh Amendment was the vehicle for a defense of sovereign immunity, see 524 U.S. at 389) said only that the federal court could ignore the immunity in such a case, not that it must ignore it. Nor would such a statement, implying that the

immunity conferred by the Eleventh Amendment is no different from any other affirmative defense, comport with the long line of cases holding that federal courts may forgive the waiver of a defense that is based on comity--the mutually respectful deportment of sovereign entities, including the quasi-sovereign entities that are the states of the United States. See, e.g., Younger v. Harris, 401 U.S. 37, 40-41 (1971); Eaglin v. Welborn, 57 F.3d 496, 499 (7th Cir. 1995) (en banc); Pittman v. Chicago Board of Education, 64 F.3d 1098, 1101 (7th Cir. 1995). As we put it in Hoover v. Wagner, 47 F.3d 845, 852 (7th Cir. 1995), "when matters of comity are involved, the ordinary doctrines of waiver give way." And in Pittman v. Chicago Bd. of Education, 64 F.3d 1098, 1101 (7th Cir. 1995), we said specifically that "one of the exceptions to the principle of waiver . . . that is recognized by the Supreme Court and by this court concerns the interest in maintaining harmonious relations between the states and the federal government." That interest is present when a state is hauled into a federal court as a defendant, as happened here.

We conclude, as have the other reported post-Schacht decisions, that a federal court can raise an Eleventh Amendment defense on its own initiative, Parella v. Retirement Bd. of Rhode Island Employees' Retirement System, supra, 173 F.3d at 54-55; United States ex rel. Long v. SCS Business & Technical Institute, Inc., 173 F.3d 890, 892 n. 4 (D.C. Cir. 1999), and we retract our unfortunate dictum on remand in Schacht that "the [Supreme] Court ruled that a federal court must not raise a potential Eleventh Amendment issue sua sponte." Schacht v. Wisconsin Dept. of Corrections, 175 F.3d 497, 501 (7th Cir. 1999). That was not what the Supreme Court ruled. We need not consider whether, as urged in Michelle Lawner, Comment, "Why Federal Courts Should Be Required to Consider State Sovereign Immunity Sua Sponte," 66 University of Chicago Law Review 1261 (1999), courts should always notice an Eleventh Amendment immunity on their own, and at the earliest point in the litigation, in order to prevent states from using the immunity opportunistically.

The other issue we discuss arises from a written statement that Higgins made in the criminal proceedings against him in Mississippi, admitting that he had waived extradition. The district court relied on the statement in granting summary judgment for the defendants, the statement being inconsistent with Higgins's claim that he had not waived extradition but instead had been kidnapped. If the statement was a judicial admission, which means, in effect, a waiver,

Solon v. Gary Community School Corp., 180 F.3d 844, 858 (7th Cir. 1999); Murrey v. United States, 73 F.3d 1448, 1455 (7th Cir. 1996); Keller v. United States, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995); Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 829 (6th Cir. 2000), here of any contention that Higgins did not waive extradition, then it would be binding; if it was merely an evidentiary admission, it would not be--it would just be one more bit of evidence to weigh against Higgins's denial, made in his affidavit in the current suit, that he ever waived extradition.

We needn't consider which type of admission it was, judicial or evidentiary, because a judicial admission binds only in the litigation in which it is made. Kohler v. Leslie Hindman, Inc., 80 F.3d 1181, 1185 (7th Cir. 1996); Enquip, Inc. v. Smith-McDonald Corp., 655 F.2d 115, 118 (7th Cir. 1981); Utility Sales Co. v. Certain-teed Products Corp., 638 F.2d 1061, 1084 (7th Cir. 1981); Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1432 (10th Cir. 1990) (per curiam); United States v. Raphelson, 802 F.2d 588, 592 (1st Cir. 1986). In any other suit, as the cases just cited make clear, it operates merely as an evidentiary admission; for remember that a judicial admission is in the nature of a waiver. A waiver is a deliberate relinquishment of a known right, and a waiver made for purposes of one lawsuit needn't have been intended to carry over to another.

How then was the district court able to rely upon Higgins's waiver in the criminal proceedings to show that he hadn't waived extradition, since the court was confronted with contradictory statements, creating an issue of credibility? The answer is that there are exceptions to the principle on which Higgins relies that credibility cannot be determined in a summary judgment proceeding. The applicable exception is that a party cannot by affidavit retract damaging admissions without a good explanation, e.g., Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806-07 (1999); United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999); Seshadri v. Kasraian, 130 F.3d 798, 801-02 (7th Cir. 1997), whether (as these cases make clear) the admissions were made in a deposition, a trial, another affidavit, or, as in this case, a written statement not under oath (actually statements, but we can ignore that detail). Higgins neither questions the authenticity of the statement that he made in the Mississippi proceedings nor offers an explanation for the contradiction, such as that he was coerced to waive extradition. In these circumstances, the district court was right to credit that statement and disregard the later, contrary affidavit.

Affirmed.