**INDIANA DEPARTMENT OF REVENUE, Appellant,**

v.

**Chad WILLIAMS and Tisha Williams, Appellees.**

No. 1:03–CV–0359 DFH.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 5, 2003.

Brian Salwowski, Office of the Attorney General, Indianapolis, IN, for Appellant.

Steven P. Taylor, Law Office of Steven P. Taylor, Indianapolis, IN, for Appellees.

ENTRY ON APPEAL FROM
BANKRUPTCY COURT

HAMILTON, District Judge.

After the Indiana Department of Revenue (the "IDR") committed its second violation of the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, by sending the debtors a second demand for payment of unpaid taxes, the United States Bankruptcy Court for the Southern District of Indiana found the IDR in contempt of court and imposed a sanction of $325 in attorney fees. The IDR has appealed the finding and the sanction, arguing primarily that the Eleventh Amendment to the United States Constitution prohibits such an exercise of federal judicial power against it. The importance of the general issue to the state and others transcends the modest stakes in this particular case. As explained below, the court affirms Judge Coachys' finding and the sanction. By filing a claim against the debtors in their bankruptcy proceeding, the IDR waived any Eleventh Amendment immunity it might have enjoyed for its violation of the automatic stay provision. See *Gardner v. New Jersey*, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947).

*Factual Background*

The automatic stay provision of the bankruptcy code provides:

(a) ... a [bankruptcy] petition filed ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(a), (h).

Appellees Chad and Tisha Williams sought bankruptcy relief in early 2002. On April 2, 2002, the IDR filed a proof of claim alleging that it had not received tax returns from the Williams for the years 1998 and 2001. The Williams then filed individual tax returns for 1998 and 2001. The IDR amended its proof of claim accordingly.

In August 2002, the IDR sent the Williams a "Proposed Assessment" summarizing the amount of taxes due and payable by October 18, 2002. Feb. 27, 2003 Hearing Exhibits, Ex. C at 2. On October 15, 2002, the Williams filed a "Motion for Court Order Holding in Contempt a Person." The IDR argued that its violation of the stay had been only inadvertent. On December 12, 2002, the parties filed an Agreed Entry that recalled the August tax warrant. In accord with Section 362, the Agreed Entry also included an order from the bankruptcy court requiring the IDR to stop its post-petition efforts to collect pre-petition debts.

The IDR continued its collection efforts, however. In a tax warrant dated January 8, 2003, the Sheriff of Madison County issued a notice to the Williams that they were scheduled to appear for failure to pay taxes owed to the IDR—the same taxes that had been the subject of the Agreed Entry a month earlier. On January 16, 2003, the Williams filed their "Renewed Motion for Contempt and Motion for Emergency Ex–Parte Order Staying Proceedings." The bankruptcy court issued an order staying proceedings and then held an evidentiary hearing on the contempt motion.

The bankruptcy court found that the IDR had violated the Agreed Entry by failing to cease collection efforts on the pre-petition debt and by failing to recall the tax warrant. The court further found that the IDR's attempts to collect had been halted only by the Williams' request for an emergency order staying proceedings. The IDR's actions continued for a month after the IDR had entered the Agreed Entry, which included an order by the judge requiring the IDR to cease collection efforts.

The bankruptcy court found that the IDR's second violation of 11 U.S.C. § 362 in January 2003 was willful. The judge awarded actual costs in the amount of $325 for attorney fees paid to prosecute the IDR's violation, but found that punitive damages were not warranted by the circumstances in the case. The judge

warned the IDR that "evidence of a pattern of similar behavior in violation of the automatic stay could result in an award of punitive damages in the future."

The IDR has appealed arguing: (1) that the Eleventh Amendment to the United States Constitution bars the bankruptcy court's exercise of jurisdiction over the IDR to find contempt and impose the sanction; (2) the bankruptcy court's finding of a willful violation of the stay was clearly erroneous; and (3) in the alternative, any sanction should be setoff against the taxes the Williams owe.

### Standard of Review

■■■ When reviewing the bankruptcy judge's conclusions of law, this court applies a *de novo* standard. See *Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir.1994). When reviewing the bankruptcy judge's findings of fact, this court applies a clearly erroneous standard. Fed. R. Bankr.P. 8013; *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773, 778 (7th Cir.2002). Whether the Eleventh Amendment bars the relief against the IDR and whether that relief should have been in the form of a setoff are questions of law that the court reviews *de novo*. Whether the bankruptcy court erred by finding a willful violation of the stay is subject to the clearly erroneous standard. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

### Discussion

#### I. Eleventh Amendment Sovereign Immunity

The IDR first contends that the Eleventh Amendment prohibits the bankruptcy court from finding it in contempt or awarding monetary damages to the Williams. The Eleventh Amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The bankruptcy code addresses governmental assertions of sovereign immunity in 11 U.S.C. § 106, which reads in relevant part as follows:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section ...

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

#### A. Late Assertion of the Eleventh Amendment Defense

■■■ The Williams first argue that the IDR waived its sovereign immunity defense by not raising it prior to this appeal. This argument is understandable but not persuasive. In *Higgins v. Mississippi*, 217 F.3d 951, 953–54, (7th Cir.2000), the Seventh Circuit explained that the Eleventh Amendment immunity defense is not technically jurisdictional because it can be waived and because a court need not raise the issue *sua sponte*. However, the Eleventh Amendment defense is unusual in

that a court may raise the issue on its own initiative, as *Higgins* held in affirming dismissal based on the Eleventh Amendment when the court raised the issue before the state defendant had even appeared. The immunity defense may also be raised at any point in a case, including for the first time on appeal. *DeKalb County Div. of Family & Children Servs. v. Platter*, 140 F.3d 676, 679 (7th Cir.1998) (considering Eleventh Amendment issue raised for the first time in circuit court appeal of bankruptcy court ruling). Accordingly, the IDR did not waive its Eleventh Amendment defense by failing to raise it before the bankruptcy court.

## B. *Waiver of the Eleventh Amendment Defense by Filing Claim*

■ In general, there are two ways to eliminate state sovereign immunity under the Eleventh Amendment. The first is by congressional abrogation. The second is by express state consent to waive immunity. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Congress may abrogate states' sovereign immunity only by a "valid exercise of power." *Seminole Tribe v. Florida*, 517 U.S. 44, 57–58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

In bankruptcy proceedings, Section 106(b) does not purport to abrogate states' immunity. Instead, the statute gives a state a choice. Either the state may pursue a claim in a bankruptcy proceeding

and subject itself to the jurisdiction of the federal courts, or it may waive its claim without losing its immunity. The Supreme Court in *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947), held as much in a case of a state's claim for taxes filed in a bankruptcy proceeding. The Court reasoned that "he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure." *Id.* at 573, 67 S.Ct. 467.[1]

Notwithstanding the broader controversy in recent years over the scope of congressional power to abrogate sovereign immunity, the waiver principle of *Gardner* remains solid. In *College Savings Bank*, the Court noted that *Gardner* stood for the "unremarkable proposition that a State waives its sovereign immunity by voluntarily invoking the jurisdiction of the federal courts." 527 U.S. at 681 n. 3, 119 S.Ct. 2219; see also *DeKalb County v. Platter*, 140 F.3d at 679 (after *Seminole Tribe*, affirming finding that state waived Eleventh Amendment defense by filing proof of claim in bankruptcy court); *In re Burke*, 146 F.3d 1313, 1319–20 (11th Cir. 1998) (by filing claim in bankruptcy, state tax agency waived Eleventh Amendment immunity with regard to debtors' claims for actual damages resulting from alleged violation of automatic stay).

Accordingly, by filing a proof of claim against the Williams, the IDR subjected itself to the jurisdiction of the bankruptcy court in that same proceeding, which in-

---

1. Some circuit courts have concluded that Section 106(b) does not control the issue of waiver of the defense, which is a matter of constitutional law, but they have observed that the statute appears to state accurately the Supreme Court's holding in *Gardner* and that the statutory language helps put state agencies on notice of the effect of filing a proof of claim. See *In re Burke*, 146 F.3d 1313, 1317 n. 8 (11th Cir.1998); *Wyoming Dep't of*

*Transp. v. Straight*, 143 F.3d 1387, 1390 (10th Cir.1998); *Schlossberg v. Maryland Comptroller of the Treasury*, 119 F.3d 1140, 1147 (4th Cir.1997) ("While 11 U.S.C. § 106(b) may correctly describe those actions that, as a matter of constitutional law, constitute a state's waiver of the Eleventh Amendment, it is nevertheless not within Congress' power to abrogate such immunity by 'deeming' a waiver.").

cluded the power to enforce the automatic stay provision of 11 U.S.C. § 362.[2]

### C. Same Transaction or Occurrence

■ Section 106(b) imposes three requirements for finding a waiver of Eleventh Amendment immunity: (1) the entity that filed the proof of claim must have been a governmental unit; (2) the claim against that governmental unit must have been property of the estate; and (3) the claim against the governmental unit must have arisen out of the same transaction or occurrence from which its own claim arose.

The IDR is of course a governmental unit, and the Williams' claim against IDR is property of the estate. The IDR contends that the third element is missing because the Williams' claim did not arise out of the same transaction or occurrence as its own claim. The court disagrees.

■ The requirement that both the government's claim and the debtor's claim arise out of the same transaction or occurrence means that a governmental unit's sovereign immunity is waived only as to compulsory counterclaims against its own claim. Price v. United States, 42 F.3d 1068, 1072 (7th Cir.1994); In re Friendship Medical Center, Ltd., 710 F.2d 1297, 1301 (7th Cir.1983). The transaction or occurrence requirement in the bankruptcy context is analytically identical to the transaction or occurrence requirement in the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 13(a). This approach calls for application of the "logical relationship" test. Price, 42 F.3d at 1073.

■ The logical relationship test is not a stringent one. It is instead flexible and adapted to the permissive nature of the federal rules. Id. The factors that a court should consider when administering the logical relationship test are: the totality of the claims, including the nature of the claims; the legal basis for recovery, the law involved; and the respective factual backgrounds. Id., quoting Burlington N. R.R. v. Strong, 907 F.2d 707, 711 (7th Cir.1990).

Price presented a nearly identical claim against the federal Internal Revenue Service for violating the provisions of the automatic stay, and the Seventh Circuit affirmed an award of attorney fees against the IRS. The Seventh Circuit in Price analyzed the case as follows:

> Both claims here arise out of the debtors' tax liability. In this case, the IRS' claim arises from the Prices' failure to pay taxes owed for years 1986, 1987, and 1988. The debtors' claim arises pursuant to the attempt by the IRS to collect those taxes. The basis of both claims revolve [sic] around the same aggregate core of facts—the debtors' unpaid taxes. Counsel for the government conceded at

---

**2.** The Supreme Court has granted *certiorari* to consider whether Congress itself may abrogate Eleventh Amendment sovereign immunity in bankruptcy cases. See *Hood v. Tennessee Student Assistance Corp.,* 319 F.3d 755 (6th Cir.2003), *cert. granted,* — U.S. —, 124 S.Ct. 45, 156 L.Ed.2d 703 (2003) (No. 02–1606). The issue in *Hood* is whether Congress validly exercised its Article I power in Section 106(a) to abrogate states' immunity completely in bankruptcy cases, without regard to whether the state filed a claim so as to waive immunity under the terms of Section 106(b) and *Gardner.* See 319 F.3d at 760–61. *Hood* does not appear to present any issue involving a state's voluntary waiver of sovereign immunity by filing a claim with the bankruptcy court. Thus, even if the Supreme Court disagrees with the Sixth Circuit's view of Section 106(a), this court sees no reason to expect that the Supreme Court's reasoning would overturn the holdings of *Gardner, DeKalb County,* or *Burke* based on a state's voluntary submission to the bankruptcy court's power by filing a claim.

trial that there would have been no stay violation had there been no tax liability.

*Price,* 42 F.3d at 1073. Although *Price* involved a claim against the federal government for violating the automatic stay, the federal government also is entitled to sovereign immunity and Section 106 also applies to limit, waive, or abrogate that immunity just as it applies to states under the Eleventh Amendment. Accord, *In re Burke,* 146 F.3d 1313, 1319–20 (11th Cir. 1998) (by filing claim in bankruptcy, state tax agency waived Eleventh Amendment defense to debtors' claim for violating automatic stay); cf. *Nelson v. La Crosse County Dist. Att'y,* 301 F.3d 820, 835 (7th Cir.2002) (state's filing of claim in one bankruptcy proceeding did not waive Eleventh Amendment defense for claims against state in a different bankruptcy proceeding filed by affiliated debtor).

The reasoning of *Price* and *Burke* applies directly here to the issue of the same transaction or occurrence. Had it not been for the tax liability, the factual starting point here, there would have been no proof of claim filed by the IDR. There would have been no subsequent counterclaim filed by the Williams for the IDR's failure to comply with the automatic stay. The sole basis for the Williams' claim was that the IDR violated Section 362 by continuing to demand payment of taxes from 1998 and 2001. The IDR filed its proof of claim in the bankruptcy case for payment of those taxes due from the same years. There was a logical relationship between the Williams' and the IDR's claims. The nature of the claims, the law involved, and the factual backgrounds of each claim show a substantial and logical nexus between the claims. *Price,* 42 F.3d at 1074. Therefore, with respect to the Williams' claim, the IDR waived any claim to sovereign immunity.

II. *Willfulness*

The bankruptcy court found that the second violation of the automatic stay, after the IDR had entered into the Agreed Entry, was willful. That finding was not clearly erroneous.

The automatic stay provision of Section 362 is effective immediately upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a); *Price v. Rochford,* 947 F.2d 829, 831 (7th Cir.1991). A creditor in violation of the stay has a duty to correct its violative behavior, whether that behavior is intentional or inadvertent. *Patton v. Shade,* 263 B.R. 861, 865 (C.D.Ill.2001), citing *In re Hellums,* 772 F.2d 379 (7th Cir.1985). A willful violation does not require a specific intent to violate the stay. *Price,* 42 F.3d at 1071. Failure to remedy an inadvertent violation may transform the violation into a willful one. 3 *Collier on Bankruptcy* ¶ 362.11 (15th ed.2002).

Judge Coachys found that only the second violation was willful, after the IDR had learned of its earlier violation, had agreed to stop, and had been ordered to stop. After the Williams filed their bankruptcy petition, the IDR issued a tax warrant in an attempt to collect pre-petition taxes from 1998 and 2001. After the first attempt to collect, which itself violated the automatic stay and which led to the Agreed Entry, the IDR had a duty to ensure that no more warrants would be issued to the Williams. Because the IDR did not fulfill this duty, the bankruptcy court did not err by classifying the second violation as willful. But for the filing of the Renewed Motion for Contempt, it is likely the harassment of the Williams for tax payment by the IDR would have continued, inadvertent though it might have been in the first instance. The IDR has a duty to design a system so that a bankruptcy stay will override warrants, notices and any other attempts to collect pre-

petition taxes owed that would otherwise be issued. See *Price*, 42 F.3d 1068 (affirming award of attorney fees as damages where IRS sent computer-generated notices after bankruptcy petition had been filed).

### III. *Cash Payment to Debtors or Offset Against Debt?*

 Pursuant to Section 106(c), the IDR argues that any damages the bankruptcy court awarded ought to have been offset against the amount of any claim it had against the Williams for unpaid taxes. Sections 106(b) and (c) are separate provisions and are to be treated as such. Consideration of offset need not occur under Section 106(b) but must occur under Section 106(c). When Section 106(b) is applied, the court may award monetary damages for a claim, filed by the party opposing the governmental unit, that arises from the same transaction or occurrence.

It is plain from the language in these provisions, quoted above, that Section 106(c) applies to a governmental unit that has not filed a proof of claim. Section 106(c) also does not require a transaction or occurrence in common between opposing claims for recovery. Recovery under Section 106(c) is limited to a setoff of the government's claim against the debtor. As the court has already stated, though, the Williams' claim arose out of the same event as the IDR's proof of claim, so Section 106(b) applies here.

As explained above, a claim for attorney fees incurred to dispute a government's violation of the automatic stay is property of the bankruptcy estate and arises out of the same transaction or occurrence as the government's action. *Price*, 42 F.3d at 1072–73. Further, there is no limit on the amount of such a claim. 2 *Collier on Bankruptcy* ¶ 106.06 (15th ed.2003), citing H.R.Rep. No. 595, 95th Cong., 1st Sess.

317 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6274, and S.Rep. No. 989, 95th Cong., 2d Sess. 29–30 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5814–16.

Because the IDR subjected itself to the jurisdiction of the bankruptcy court under Section 106(b), the court will look no further than that section. The bankruptcy court properly ordered that the IDR pay monetary sanctions in cash to cover the Williams' attorney fees incurred in enforcing the stay.

The IDR cites *In re Pearson*, 917 F.2d 1215 (9th Cir.1990), for its argument that monetary damages against the government are impermissible. In that case, however, the government had filed no proof of claim, so that the applicable statutory section was the offset provision in what is now Section 106(c). The court, citing *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), held that the offset provision restricted relief to injunctive and declaratory relief. However, the Bankruptcy Reform Act of 1994 overruled *Hoffman* and clarified that Congress did not intend for states to be immune from monetary damages. *Sacred Heart Hosp. v. Department of Pub. Welfare*, 133 F.3d 237, 243 (3d Cir.1998). In any case, as stated previously, this case is governed by Section 106(b), which does not require offset and does not require that relief be limited only to injunctive or declaratory relief.

Finally, the IDR cites *Lapides v. Board of Regents*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), for the proposition that a state or state agency is not a "person" against whom monetary damages can be assessed. *Lapides* made this assertion in the context of 42 U.S.C. § 1983, which has been interpreted not to include states or state agencies. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S.Ct.

2304, 105 L.Ed.2d 45 (1989). There is no requirement in 11 U.S.C. § 362(h) that the wrongdoer be a "person." That section is general enough to apply to governmental units as well as natural persons or corporations.

*Conclusion*

The bankruptcy court's decision is hereby affirmed. The IDR waived its sovereign immunity when it filed a proof of claim with the bankruptcy court. The bankruptcy court did not err by finding that the second violation of the automatic stay was willful or by awarding the modest monetary damages to compensate the Williams for attorney fees paid to enforce the stay.

So ordered.