DeMOSS, Circuit Judge,
dissenting:
The primary question before this Court is whether, looking at Plaintiffs’ petition in state court, original federal jurisdiction exists to permit removal of this action. Then, only if this primary question is answered in the affirmative should the Court reach the question whether any reasonable basis exists for predicting that LIRC could be liable to Plaintiffs under Louisiana law, such that LIRC is improperly joined, federal removal diversity jurisdiction exists, and the district court’s opinion affirmed. See Smallwood, 385 F.3d at 573. I respectfully dissent because the majority relies upon a narrow question of administrative exhaustion, not evident from the pleadings in state court and not fully presented to or considered by the district court.[1] In so doing, the majority fails to address the fundamental problem in this matter, that is, whether the original federal jurisdiction that permits removal exists at all.
Then, having more correctly framed the question before us, my analysis reaches a result different from that of the district court and the majority. I find the district court should have remanded the cause, under 28 U.S.C. § 1447(c), on the basis that it was never initially removable under 28 U.S.C. § 1332 and because of the Eleventh Amendment’s bar to federal jurisdiction. The district court’s order should accordingly, in my view, be reversed, with instructions to remand the cause to the courts of Louisiana.
I.
On July 1, 2003, Plaintiffs sued the “State of Louisiana through the Louisiana Insurance Rating Commission,”[2] as well as Defendant insurers, Allstate and State Farm. Plaintiffs alleged violations of state law only and sought declaratory judgment, injunctive relief, and damages. Plaintiffs complained the Defendant insurers used an undisclosed formula to discriminate against them and others similarly situated on the basis of race or the economic condition of the area in which the property sought to be insured is located. Plaintiffs complained that LIRC failed in its statutory duties and, in doing so, contributed to the disparate impact of the insurers’ practices.
All Defendants were served. The Defendant insurers alone removed the action on September 3, 2003, to the Eastern District of Louisiana under 28 U.S.C. § 1332, claiming that diversity jurisdiction exists because non-diverse Defendant LIRC was *334 improperly joined. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). Prior to this removal, LIRC had filed no pleadings of any kind in state court. LIRC did not join in the removal, but appeared in district court upon removal. Plaintiffs filed a motion to remand in the district court, arguing that LIRC’s joinder was proper and that federal courts lacked jurisdiction to hear their claim.
Pending before the district court at the time it took up the motion to remand were additional Rule 12 motions, including LIRC’s motion to challenge venue and LIRC’s motions to dismiss for failure to state a claim and for lack of jurisdiction. In the motion regarding venue, LIRC agreed with Plaintiffs that the federal courts lacked jurisdiction over the complaint and argued that the only proper venue was the East Baton Rouge Parish state court because that was the location of the performance of the state agency’s ministerial duties, the actions challenged by Plaintiffs’ complaint. See La. Rev. Stat. ANN. § 13:5104(A). Under Rule 12, LIRC challenged: (1) the district court’s jurisdiction to hear Plaintiffs’ claim on the basis of Eleventh Amendment sovereign immunity;[3] and (2) Plaintiffs’ ability to state their claim, on the ground that Louisiana statutory immunity for discretionary functions precluded LIRC’s liability, see La.Rev. Stat. Ann. § 9:2798.1.[4] But the district court did not rule on these pending motions, even though it noted that “LIRC will never be in federal court because of the Eleventh Amendment.”
At the hearing on December 10, 2003, the court took up the motion to remand and argument of improper joinder. No written order issued after this hearing. Instead, the district court ruled orally from the bench, finding LIRC improperly joined because, due to Louisiana statutory immunity, no reasonable basis existed for predicting that Plaintiffs could recover against LIRC. For that precise reason, the court denied the motion to remand. Then, the court indicated its inclination to grant a request for interlocutory appeal on the ruling.[5] Accordingly, Plaintiffs appealed, arguing the district court erred in ruling that no reasonable basis existed for predicting that Plaintiffs could recover against LIRC on their complaint.
II.
This case presents a problem of federal subject matter jurisdiction that, although *335 not addressed by the majority, must be considered. See Ziegler v. Champion Mortgage Co., 913 F.2d 228, 229 (5th Cir.1990). Plaintiffs’ complaint filed in state court alleged only state law claims and included as Defendant, “the State of Louisiana through [LIRC],” one of its agencies.
The law is settled that “[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.” Texas Dep’t of Hous. and Cmty. Affairs v. Verex Assurance, Inc., 68 F.3d 922, 926 (5th Cir.1995); see also Tradigrain, Inc. v. Mississippi State Port Auth., 701 F.2d 1131, 1132 (5th Cir.1983); Batton v. Georgia Gulf, 261 F.Supp.2d 575, 593-96 (M.D.La.2003) (Dalby, M.J.). Thus, where, as here, the absence of a federal question is undisputed and the state is joined as a defendant, the only possible ground for removal is the improper joinder of LIRC that, once corrected, creates diversity jurisdiction. See Verex, 68 F.3d at 926. This district court so determined, but without considering that removal was precluded.
In my view, the fundamental question of original jurisdiction, as the basis for removal, ought to be resolved first by district courts. Then, and only if the case were initially removable under 28 U.S.C. § 1441, should the district courts reach the question of the propriety of joinder. This approach has the benefit of requiring the district courts to first address the limits of their Article III jurisdiction prior to passing on questions that require the court to consider the potential merits of a claim, as is required under our current framework for consideration of improper joinder. See Smallwood, 385 F.3d at 573. Even if it cannot be said that Article III jurisdiction is always an antecedent question to any other judicial review, the federal courts should issue rulings in an order that best prevents reaching substantive questions when jurisdiction is in doubt. Steel Co. v. Citizens For A Better Env’t, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). “Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times .... ” Id. (citations omitted).
Consideration of removal jurisdiction requires, by the terms of the governing statute, consideration of original jurisdiction. See 28 U.S.C. § 1441(a) (permitting removal of civil actions over which the United States district courts “have original jurisdiction”). In this case, the district courts of the United States would not have had original jurisdiction for two reasons.
First, original jurisdiction is lacking because the State of Louisiana, not a citizen, was named as a defendant. Therefore, no diversity jurisdiction is possible. 28 U.S.C. § 1332(a)(1); Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Tradigrain, 701 F.2d at 1132. The first requirement under the removal statute is that there be a “civil action ... of which the district courts of the United States have original jurisdiction.” 28 U.S.C. § 1441(a). “The existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court.” Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir.1997) (citing 28 U.S.C. § 1441). Thus, under the express language of § 1441(a), removal to the federal courts was barred in this action, and the district court should have remanded the cause upon initial review of Plaintiffs’ complaint.
Even if we ignore that here Plaintiffs named the State of Louisiana as Defen *336 dant, and look instead to LIRC, the agency through which they claim against the state, diversity jurisdiction still fails to obtain. There can be no diversity jurisdiction where suit is brought against a state agency that is merely an alter ego of the state. Tradigrain, 701 F.2d at 1132. Under our Circuit’s law, the determination of whether an agency is an alter ego of the state or is a citizen of the state requires analysis, under the governing state’s law, of factors that indicate the character of the particular agency. Verex, 68 F.3d at 926 (quoting Tradigrain, 701 F.2d at 1132-33). Among other factors, the court should consider primarily “whether the state is the real party in interest in the lawsuit.” Tradigrain, 701 F.2d at 1132. Virtually identical to the analysis required for a determination of Eleventh Amendment immunity, this determination requires a court to consider the agency’s powers and characteristics as defined by state law. Id.
Because I find that removal was precluded based upon the inclusion of the State of Louisiana, there is no need to engage in the analysis of whether LIRC is more akin to the sovereign or to a citizen of the state. But, I note that under Louisiana law LIRC should be viewed as an alter ego of the state, and thus not a citizen for diversity purposes. LIRC is a creation of statute, comprising seven members: the commissioner of insurance and six additional members appointed by the governor. La.Rev.Stat. Ann. § 22:1401(A). LIRC’s purpose is statewide: “to promote the public welfare by regulating insurance rates.” Id. § 22:1402. LIRC is subject to Louisiana’s Department of Insurance, id. § 36:686(0(1), and while it has certain, express policymaking powers, its “functions and activities” are subject to the state’s insurance department. Id. § 22:1401(E). An agency that retains the ability to make hiring decisions and other “generally recognized corporate powers” is a citizen for purposes of diversity. Tradigrain, 701 F.2d at 1132 (citation omitted). But in this case, the Louisiana legislature did not give this power to LIRC, and instead vests such powers in the state’s insurance department. La.Rev.Stat. A-nn. § 22:1401(E). Both the commissioner and the Department of Insurance are provided immunity from liability by the Louisiana legislature. Id. § 22:2036.11. This retention of immunity, in combination with the statutory provisions for LIRC’s powers and functioning, weighs strongly in favor of considering LIRC, a division of the Department and an arm of the state, rather than a separate citizen. Finally, LIRC’s powers and characteristics differ significantly from the agency deemed a citizen of Texas in Verex. There, the agency enjoyed authority to hold and use property, to sue and be sued in its corporate name, to enter contracts, and to make its own hiring decisions. Verex, 68 F.3d at 928. The Texas agency also bore responsibility, separate from the state, for its own debts. Id. Here, Louisiana has not granted such generalized corporate powers to LIRC, and thus LIRC’s status is better characterized as an alter ego of the state, rather than a citizen thereof. But on this record, the question need not be definitively resolved, given that the sovereign itself is a named Defendant.
Secondly, the federal courts’ original jurisdiction over Plaintiffs’ cause here is barred because, under the Eleventh Amendment and absent certain exceptions not relevant here,[6] a federal district court *337 may not have original jurisdiction of “any suit in law or equity, commenced or prosecuted against one of the United States,” by citizens of the same state.[7] U.S. Const. amend. XI; Higgins v. Mississippi, 217 F.3d 951, 954 (7th Cir.2000) (distinguishing the Supreme Court’s treatment of an Eleventh Amendment defense as a personal jurisdiction bar in Wisconsin Dep’t of Corrections v. Schacht, 524 U.S. 381, 388-89, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), and instead concluding that courts may raise sua sponte an Eleventh Amendment defense, thereby acknowledging, at a minimum, the subject matter jurisdiction element of the Eleventh Amendment’s bar).
Note that the Eleventh Amendment’s language prohibits “commencement” or “prosecution” of such a suit and does not contain any provision about the state being a “proper party for joinder” nor any language that asks whether any recovery can ultimately be made against the state. The prohibition is blanket. If Plaintiffs here had filed the same complaint in federal district court that they filed in state court, their complaint in federal court would have been dismissed under the Eleventh Amendment. Here, LIRC raised the Eleventh Amendment bar to federal jurisdiction, on the first occasion possible, when it moved for Rule 12 dismissal in federal court after the removal precipitated by the insurance defendants. There is absolutely nothing in Plaintiffs’ petition as filed in state court that raises a claim under the U.S. Constitution, treatises, or statutes that would have permitted the suit in federal court under 28 U.S.C. § 1331’s provision for federal question jurisdiction. While I recognize that the statute under which cases may be removed from state court to federal court, 28 U.S.C. § 1441(b), is not coterminous with the statute defining original diversity jurisdiction, 28 U.S.C. § 1332, nothing in the removal statute permits the removal of a suit filed in a state court by a citizen of that state against that same state or an agency thereof.
Because of the primary requirement that removal is conditioned upon original jurisdiction, it is my view that the Eleventh Amendment, in addition to a lack of diversity jurisdiction due to the state’s inclusion as a party, renders Plaintiffs’ suit here non-removable on its face as lacking original federal jurisdiction without any further inquiry as to the propriety of join-der of the state defendant or the potential for ultimate recovery. I appreciate that this approach requires the district court to first address original jurisdiction, before reaching the question of improper joinder. But that is precisely what the language of the removal statute requires, and on this record' — where the state is named as a Defendant and the state has moved for dismissal under the Eleventh Amendment — it is more prudent to resolve the possibility that the federal courts entirely lack jurisdiction, thus precluding removal, before reaching the possible merits of Plaintiffs’ claims under our improper join-der analysis.
Consequently, in my judgment, when the removal petition appeared in federal district court, the court should have promptly entered a remand order because *338 it did not have original jurisdiction of the complaint as filed in state court. There is nothing in the removal statute to permit the commencement or prosecution of such suit against the State of Louisiana in the federal district court. As I indicated earlier, LIRC asserted this lack of federal jurisdiction in its first filing in the federal district court after removal. This process of requiring the district courts, on such a record, to first address original jurisdiction before reaching the question of improper joinder enjoys the advantage of better tracking the language of § 1441(a) and of requiring courts to examine fundamental jurisdictional questions before reaching merits-based review.
For these reasons, I respectfully dissent.

. The majority opinion does not cite (and my research has not found) any prior published case in which this Circuit ruled that a party was improperly joined to prevent diversity removal jurisdiction on the grounds that the plaintiff failed to exhaust administrative remedies against that party. The failure to exhaust administrative remedies is a matter which either LIRC, for the State of Louisiana, or the Defendant insurers could have appropriately raised in the state court prior to removal; and if either of them had so moved and the state court had granted such motion, the proceedings in state court would have been dismissed or stayed pending exhaustion of administrative remedies. But none of these Defendants made any such assertion in state court. The remedy which I propose in this dissent would, of course, remand the matter to the state court and permit the Defendants to assert this contention in state court — the jurisdictional tribunal best informed and experienced to apply the Louisiana law of exhaustion of administrative remedies.

. Plaintiffs' petition filed in state court so named the first Defendant. For brevity, I refer to this defendant as LIRC.

. “The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.” U.S. Const, amend. XI.

. Entitled “Policymaking or discretionary acts or omissions of public entities or their officers or employees,” section 9:2798.1 provides in relevant part:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymak-ing or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
La.Rev.Stat. Ann. § 9:2798.1(B)-(C).

.The record does not precisely define the question as to which interlocutory appeal was requested or granted by the court or accepted by this Court, but Plaintiffs’ motion requesting the certification relies upon the issue of Louisiana statutory immunity.

. Recognized exceptions to sovereign immunity include: a state’s waiver of sovereign immunity, see Idaho v. Coeur d’Alene Tribe of Idaho, 521 U.S. 261, 267, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); suits for declaratory and injunctive relief against state officials in their *337 individual capacities, see Ex parte Young, 209 U.S. 123, 28 S.Ct 441, 52 L.Ed. 714 (1908); or congressional abrogation of immunity under § 5 of the Fourteenth Amendment, see Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

. See Fed. Maritime Comm’n v. South Carolina State Ports Auth., 535 U.S. 743, 777, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) (Breyer, J. dissenting) (reading "Citizens of another State” as if it also said "citizen of the same State”) (citing Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).