**Frank A. HUMPHREY, Plaintiff–Appellant,**

v.

**THARALDSON ENTERPRISES, INC., Defendant–Appellee.**

No. 95–3897.

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1996.

Decided Sept. 12, 1996.

---

Jeff S. Olson (argued), Madison, WI, for plaintiff–appellant.

Michael P. Crooks (argued), and Andrew J. Quartaro, Peterson, Johnson & Murray, Madison, WI, for defendant–appellee.

Before POSNER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Plaintiff Frank A. Humphrey sued defendant Tharaldson Enterprises, Inc., alleging race discrimination. 42 U.S.C. §§ 1981, 1982. Because Humphrey had already received a judgment against Tharaldson for the same incident in a state administrative proceeding, the district court ruled that claim preclusion barred him from seeking additional relief in federal court, and granted summary judgment to Tharaldson. Humphrey appeals, arguing that the state administrative decision should not be given preclusive effect

because the agency lacked jurisdiction to hear his federal civil rights claims. We hold that this exception to the rule of claim preclusion is not available under the facts of this case, because Humphrey chose to file his claim with the state agency despite the availability of both state and federal judicial forums in which he could have consolidated and litigated all his claims. We affirm.

## I.

Frank A. Humphrey filed a state-law complaint with the Equal Rights Division (ERD) of the Wisconsin Department of Industry, Labor and Human Relations, claiming that a white clerk at a Wisconsin motel owned by defendant Tharaldson Enterprises violated Wisconsin's Public Accommodation Act by denying him accommodation on account of his race. Wis. Stat. § 101.22(9)(a).[1] The claim was fully litigated before an Administrative Law Judge (ALJ), who ruled in Humphrey's favor. The ALJ issued a cease and desist order against Tharaldson, ordered it to post publicly a notice of the finding of discrimination, pay a $100 civil forfeiture, file a compliance report with the ERD, and pay Humphrey's costs and attorneys' fees, totalling $3,866.23. The ALJ also found that Humphrey suffered $3,900 in damages for lost wages and mental and emotional distress, but that under Wisconsin law he lacked authority to award damages. Wis. Stat. § 101.22(10)(a)(4). Humphrey appealed to the Labor and Industry Review Commission (LIRC), which affirmed that compensatory and punitive damages were unavailable, and vacated the ALJ's findings of facts regarding the amount of damages to which Humphrey would have been entitled. The LIRC's decision became final when neither party sought judicial review within the thirty-day period allowed under Wisconsin law. Wis. Stat. §§ 227.52, 227.53(1)(a)(2).

Humphrey then brought suit in federal court, claiming that the same denial of accommodation violated his right to be free from discrimination in making contracts, 42

---

1. Wisconsin has since re-codified this statute as § 106.04, and re-named the Department of Industry, Labor and Human Relations as the Department of Work Force Development. This opinion uses the statutory codification and nomenclature in effect at the time Humphrey brought suit.

U.S.C. § 1981, and leasing real and personal property. 42 U.S.C. § 1982. He sought both compensatory and punitive damages, as well as attorneys' fees and costs, and moved for partial summary judgment on the issue of liability, leaving the amount of damages for trial. He argued that issue preclusion barred Tharaldson from disputing that it discriminated against him. Tharaldson then filed its own motion for summary judgment, on the ground that claim preclusion barred Humphrey from re-litigating in federal court a claim which the parties had previously litigated in a state administrative forum. The district court granted Tharaldson's motion, denied Humphrey's, and dismissed the case with prejudice. This appeal followed.

## II.

■ Humphrey concedes that his federal claims involve the same parties and arise from the same core of operative facts as the claim he successfully pursued before the ERD. Consequently, the suit meets the threshold test for applying the doctrine of claim preclusion. *See Kratville v. Runyon,* 90 F.3d 195, 197 (7th Cir.1996) (claim preclusion applies when there exist an identity of the causes of action, an identity of the parties or their privies, and a final judgment on the merits). Under the common law of merger, a prior judgment serves as a defense against a plaintiff attempting to re-litigate "not only those issues which were actually decided in [the] prior suit, but also all issues which could have been raised in that action." *Brzostowski v. Laidlaw Waste Systems, Inc.,* 49 F.3d 337, 338 (7th Cir.1995). Ordinarily, it is the cause of action, and not the remedy, which determines whether claim preclusion applies: a claim can be barred even though the plaintiff seeks remedies or forms of relief not demanded in the original action. *Pliska v. City of Stevens Point, Wisconsin,* 823 F.2d 1168, 1172–73 (7th Cir.1987). We review *de novo* the district court's dismissal on grounds of preclusion. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

■ Humphrey points out, correctly, that the state administrative agency lacked jurisdiction to consider his federal claims. Consequently, we must decide whether the fact that Humphrey initially brought his claim of race discrimination in a forum which could not consider his federal claims now precludes him from raising them in federal court. Our recent decision in *Waid v. Merrill Area Public Schools,* 91 F.3d 857 (7th Cir.1996), which involved the similarly preclusive effect of a decision by the same Wisconsin administrative agency, governs the answer to that question. As we noted in *Waid,*

> [P]rinciples [of federal common law] require plaintiffs to assert their claims initially in the forum with the broadest possible jurisdiction.... If a plaintiff has a collection of claims that arise from one set of events and has an unconstrained choice between a forum of limited jurisdiction and a forum of broad jurisdiction, a decision to proceed in the more limited forum precludes [him] from bringing the unlitigated claims in a subsequent proceeding.

*Id.* at 864–65 (citing Restatement (Second) of Judgments, §§ 24, 25 cmt. e). Therefore, the issue is whether, because Humphrey chose an administrative agency rather than a judicial forum, he now is barred from bringing those claims which were denied for lack of jurisdiction.[2] Under *Waid,* as long as there existed a tribunal before which Humphrey could have consolidated all his claims in a single lawsuit, the principles of claim preclusion bar his current federal suit, even though he could not have raised the federal claims before the ERD. Only where a plaintiff has some claims which can only be brought in a limited forum may he "proceed in the forum of limited and exclusive jurisdiction without losing the opportunity to later litigate the claims not within that forum's jurisdictional competency." *Id.* at 865 (citing Restatement (Second) of Judgments, § 26 cmt. c).

---

2. Humphrey did not actually attempt to bring claims under 42 U.S.C. § 1981 and § 1982 before the Equal Rights Division. Rather, he sought to obtain compensatory and punitive damages—the remedy he now seeks in federal court—from the administrative tribunal, which correctly ruled that it lacked jurisdiction to award damages.

Humphrey has always conceded that Wisconsin's Public Accommodation Act, unlike the Fair Employment Act at issue in *Waid*, creates a private right of action. Wis. Stat. § 101.22(10)(e). Consequently, he could have brought his claims before a state judicial tribunal with jurisdiction to decide his federal claims. Similarly, a federal court could have decided Humphrey's state law claims under the doctrine of supplemental jurisdiction. This distinguishes Humphrey from the plaintiff in *Waid*, who brought certain claims of employment discrimination over which the ERD had exclusive jurisdiction. *Id.* at 866. Because Humphrey elected to proceed before the Wisconsin Equal Rights Division, a forum of limited jurisdiction, even though he could and should have consolidated all his claims in a single lawsuit before a state or federal judicial tribunal, we hold that the judgment entered in the administrative proceeding now precludes his claims arising under federal law.

## CONCLUSION

Humphrey chose to bring his suit before an administrative tribunal of limited jurisdiction, despite the availability of both state and federal forums with general jurisdiction to address all his claims. Consequently, claim preclusion bars him from re-litigating his suit in federal court. Because we hold that claim preclusion applies, we need not decide whether the action is also time-barred. Our finding renders moot Humphrey's argument that issue preclusion, or collateral estoppel, bars Tharaldson from disputing its liability for discrimination.

AFFIRMED.