In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1303

EDWARD G. STAATS,

Plaintiff-Appellant,

v.

COUNTY OF SAWYER and COUNTY OF BAYFIELD,

Defendants-Appellees.


Appeal from the United States District Court
for the Western District of Wisconsin.
No. 98-C-593-S--John C. Shabaz, Chief Judge.


Argued September 28, 1999--Decided July 17, 2000



   Before Bauer, Flaum, and Diane P. Wood, Circuit
Judges.

   Diane P. Wood, Circuit Judge.  In September 1994,
Edward Staats learned that he suffers from bi-
polar disorder. He received treatment for it, but
when he attempted to return to his job as
personnel director for Sawyer and Bayfield
Counties, Wisconsin (the Counties), he was told
that the job had been eliminated. Believing that
this was a poor disguise for disability
discrimination, he pursued his state
administrative remedies. Ultimately, the Labor
and Industry Review Commission (LIRC) rejected
his claims, and the Circuit Court for LaCrosse
County affirmed that decision. Meanwhile, Staats
had also filed charges with the federal Equal
Employment Opportunity Commission (EEOC), which
in due course issued him a right-to-sue letter.
This case followed in federal court. The district
court dismissed Staats's claims under Titles I
and II of the Americans with Disabilities Act
(ADA) and the Rehabilitation Act of 1973 on the
ground of claim preclusion. Because we find that
Wisconsin would permit claim splitting under the
circumstances presented here, we reverse and
remand for further proceedings.

I

   There is little more to the underlying facts

than we have already recounted. Staats began working as the full-time personnel director for the Counties in May 1993 under an arrangement whereby he split his time between them. Either county was entitled to terminate the agreement by filing written notice before September 1 of the year preceding termination. Everything proceeded smoothly until September 1994, when Staats began acting strangely. He was hospitalized the same month for his bi-polar disorder; in October, he was hospitalized again and remained in the hospital until mid-November. In late November 1994, he attempted to return to work. At that point, the Counties told him that he needed a release from his doctor. He complied, but the work release his doctor gave him restricted him to "working no more than 40 hours per week, taking no work home to complete after hours, attending regular therapy sessions with psychiatrists, in complian[ce] with his medication, monthly laboratory testing of medication blood level and abstinence from alcohol for the next 90 days." In mid-December 1994, one of Staats's treating physicians completed a medical form indicating that Staats was able to perform work as a personnel director as of November 20, 1994.

A return to work, however, was not in Staats's future. Instead, on December 19, the Counties' attorney informed Staats that he could continue to work until the end of the calendar year, at which time his job position itself would be eliminated. On March 3, 1995, Staats filed a claim of employment discrimination with the State of Wisconsin Equal Rights Division, alleging violations of the Wisconsin Fair Employment Act (WFEA), Wis. Stat. sec. 111.31 et seq. The Equal Rights Division found probable cause to believe that the Counties had discriminated against Staats and certified the matter to a hearing before an administrative law judge. After a full hearing on the merits, the ALJ issued a decision concluding that the Counties had violated the WFEA and had failed to determine what sort of accommodation Staats might need.

The Counties appealed the decision to the LIRC. Conducting the appeal on the record, the LIRC reversed the ALJ's decision. It found that although the Counties had eliminated Staats's position because of his disability, the Counties had not violated the WFEA. Staats sought review of the LIRC decision in state court under the Wisconsin state administrative review procedures. See Wis. Stat. sec. 111.395. The state court conducted a review limited to the administrative record, as it was required to do by statute. See Wis. Stat. sec. 227.57. It upheld the LIRC's decision. See id. Staats did not appeal.

Two weeks after Staats filed his complaint with the Equal Rights Division, he cross-filed with the EEOC. Sometime in May 1998, he received his right-to-sue letter from the EEOC and shortly thereafter filed the present action in federal district court. His complaint alleged that the Counties had discriminated against him because of his disability (bi-polar disorder) by failing to provide reasonable accommodations for him and eliminating his position, in violation of Titles I and II of the Americans with Disabilities Act, 42 U.S.C. sec. 1201, et seq., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. sec. 794, et seq. The Counties filed a motion for summary judgment on the basis that the state court decision affirming the decision of the LIRC barred the federal court action under the doctrine of claim preclusion. See 28 U.S.C. sec. 1738; Northern States Power Co. v. Bugher, 525 N.W.2d 723, 728-29 (Wis. 1995). The district court agreed and entered judgment for the Counties; Staats now appeals.

II

We review a district court's grant of summary judgment on the basis of claim preclusion de novo. Roboserve, Inc. v. Kato Kagaku Co., Ltd., 121 F.3d 1027, 1034 (7th Cir. 1997). As Staats was the nonmoving party, we draw any inferences from the facts in his favor. Broadcast Music, Inc. v. Claire's Boutiques, Inc., 949 F.2d 1482, 1486 (7th Cir. 1991).

Staats suggests three reasons why the state court judgment does not bar his claims under the federal anti-discrimination laws: (1) Wisconsin law would not give the state court judgment preclusive effect; (2) the state court had limited jurisdiction in conducting its review of the administrative decision and therefore Staats could not have brought his federal claims in the earlier proceeding; and (3) the standards and remedies provided by Wisconsin discrimination law are narrower than those of federal law, and so an exception to claim preclusion should apply.

As we recently observed in Froebel v. Meyer, No. 98-3925, 2000 WL 862519 (7th Cir. June 28, 2000), the federal court was required to give the Wisconsin court's judgment the same full faith and credit that it would have received in a Wisconsin court. Id. at *4; 28 U.S.C. sec. 1738. The fact that this was a state court judgment affirming an administrative decision does not exempt it from the normal rules of preclusion. State administrative findings that have been subjected to state judicial review are entitled to both claim and issue preclusive effect in

federal courts. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 n.22 (1982). The Supreme Court has also held that "it is sound policy to apply principles of issue preclusion to the factfinding of administrative bodies acting in a judicial capacity." University of Tennessee v. Elliott, 478 U.S. 788, 797 (1986). See also East Food & Liquor, Inc. v. United States, 50 F.3d 1405, 1411-12 (7th Cir. 1995) (applying administrative issue preclusion to state agency findings in a food stamp case). On the other hand, the Court has drawn the line at claim preclusion for unreviewed state agency findings, concluding in Elliott that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." 478 U.S. at 796.

Although Staats's claims arise under the ADA and the Rehabilitation Act, not Title VII, we think the logic of Kremer and Elliott applies equally to other federal anti-discrimination statutes. Because the Wisconsin circuit court entered a judgment in Staats's case, we have a "reviewed" state administrative decision, which is entitled to whatever degree of claim preclusion Wisconsin would give it. In Froebel, we reviewed the principles that govern in Wisconsin:

The Wisconsin Supreme Court recently summarized its approach to deciding when a subsequent action is barred in Sopha v. Owens-Corning Fiberglas Corp., 601 N.W.2d 627 (Wis. 1999). There the court indicated that three factors had to be present in order to preclude the later action: (1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits.

Id. at 637.

Froebel, 2000 WL 862519 at *4. See also Northern States Power, 525 N.W.2d at 728; Patzer v. Board of Regents of the University of Wisconsin System, 763 F.2d 851, 855 (7th Cir. 1985).

The first requirement--identity of the parties-- is plainly met here, as Staats and the Counties were the opposing parties in both cases. We assume for the sake of argument that the third requirement--identity of claim--is also satisfied, under the transactional approach that prevails in Wisconsin. See Northern States Power, 525 N.W.2d at 728-29; Parks v. City of Madison, 492 N.W.2d 365, 370 (Wis. Ct. App. 1992), citing Juneau Square Corp. v. First Wisconsin National

Bank, 364 N.W.2d 164, 170 (Wis. Ct. App. 1985).
Staats's WFEA, ADA, and Rehabilitation Act claims
arose out of the same basic factual situation and
the same basic conduct of the Counties: the
elimination of his position of employment. Under
the transactional approach, Wisconsin would
probably find that these claims are the same. See
Brye v. Brakebush, 32 F.3d 1179, 1184 (7th Cir.
1994); DePratt v. West Bend Mutual Ins. Co., 334
N.W.2d 883, 886 (Wis. 1994) ("[The] claim is
coterminous with the transaction, regardless of
the number of substantive theories or variant
forms of relief flowing from these theories; the
transaction is the basis of the litigative unit
or entity which may not be split."), quoting
Restatement (Second) of Judgments sec. 24 cmt. a.


   As in Froebel, the problem arises with the
second factor--whether this is the kind of final
judgment to which Wisconsin gives preclusive
effect. As we explained in Froebel, there are
really two elements to this inquiry: finality and
jurisdiction. Here, it is undisputed that the
state court's review of the LIRC decision
concluded with a final judgment. Its finality is
unaffected by the fact that the procedures
governing this type of proceeding are somewhat
truncated and the standard of review is quite
deferential. Standing behind the court's judgment
were adversarial administrative proceedings with
sufficient procedural safeguards for the state
court findings to satisfy due process. See
Kremer, 456 U.S. at 483-85.

   As in Froebel, however, we must also consider
the jurisdiction of the state agency and state
court, because the second factor used by the
Wisconsin Supreme Court requires consideration of
the jurisdiction of the first forum. See 2000 WL
862519 at *5. Under Wisconsin's law of judgments,
"[t]he earlier judgment is conclusive 'as to all
matters which were litigated or which might have
been litigated' in that proceeding." Jantzen v.
Baker, 388 N.W.2d 660, 662 (Wis. Ct. App. 1986),
quoting DePratt, 334 N.W.2d at 885, quoted in
Parks, 492 N.W.2d at 368 (emphasis from Jantzen).
This proposition is reflected in the Second
Restatement:

A given claim may find support in theories or
grounds arising from both state and federal law.
When the plaintiff brings an action on the claim
in a court, either state or federal, in which
there is no jurisdictional obstacle to his
advancing both theories or grounds, but he
presents only one of them, and judgment is
entered with respect to it, he may not maintain
a second action in which he tenders the other
theory or ground. If however, the court in the

first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Restatement (Second) of Judgments, sec. 25 cmt. e; see also id. sec. 26(1)(c).

Under this reasoning, if there was a forum in which all claims arising out of the single transaction could have been brought, and the plaintiff chooses a forum of limited jurisdiction instead, then the plaintiff's other claims are barred by the doctrine of claim preclusion, because the other claims could have been brought in the forum of general jurisdiction. If, on the other hand, no such forum exists, and the plaintiff is forced to split her claims, a suit in one forum does not bar the plaintiff from also bringing suit in another. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 382-83 & n.3 (1985).

We explained Waid v. Merrill Area Public Schools, 91 F.3d 857 (7th Cir. 1996), why claim preclusion does not require litigants to choose between claims:

For example, if state law creates a right and gives a state agency exclusive original jurisdiction over claims relating to that right, pursuit of a claim with the agency does not preclude the subsequent pursuit of related claims based on federal or state rights that could not have been asserted before the agency. Because the principles of claim preclusion do not require plaintiffs to make this kind of choice, she may therefore proceed in the forum of limited and exclusive jurisdiction without losing the opportunity to later litigate the claims not within that forum's jurisdictional competency.

Id. at 865, citing Restatement (Second) of Judgments sec. 26. Waid, which involved the same administrative scheme before us now, held that because the jurisdiction of the Equal Rights Division is limited, its decision did not preclude a plaintiff from bringing a separate action in federal court to assert federal claims arising from the same factual situation. Id. at 865-66. See also Jones v. City of Alton, 757 F.2d 878, 886-87 (7th Cir. 1985) (holding federal claims and defenses were not precluded where plaintiff tried to raise them in state proceedings but they were improperly excluded).

We find Waid indistinguishable from the present

case. The Equal Rights Division's jurisdiction is limited; it can hear claims brought under WFEA but not the federal anti-discrimination statutes. Even though in a free-standing case the Wisconsin state courts could have heard Staats's federal law claims, see Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 821 (1990), the Equal Rights Division could not: it lacked jurisdiction to do so. See Waid, 91 F.3d at 865. Thus, it was impossible for Staats to raise his federal claims in addition to his WFEA claims in his action brought before the Equal Rights Division. Conversely, the Equal Rights Division was the exclusive forum in which Staats could bring his WFEA claims: the WFEA does not create a private right of action, see Bourque v. Wausau Hosp. Ctr., 427 N.W.2d 433, 437 (Wis. Ct. App. 1988); Bachand v. Connecticut Gen. Life Ins. Co., 305 N.W.2d 149, 152 (Wis. Ct. App. 1981), and Staats therefore could not assert his WFEA claims in state or federal court.

The net result was that Staats had no way to consolidate his WFEA, ADA, and Rehabilitation Act claims in any single forum. He was forced to split his claims and litigate them in separate fora. See Parks, 492 N.W.2d at 369-70 (holding prior federal court action did not preclude plaintiff's later state action where federal court declined to retain jurisdiction over pendent state claims after granting summary judgment for defendant on federal claims). Cf. Balcerzak v. City of Milwaukee, 163 F.3d 993, 997 (7th Cir. 1998) (holding plaintiff's sec. 1983 claims were precluded where, due to his litigation strategy, he chose not to raise government defendant's race discrimination as a defense to his termination in state proceedings); Humphrey v. Theraldson Enters., Inc., 95 F.3d 624, 627 (7th Cir. 1996) (holding plaintiff's federal claims precluded when he chose to file state law claims in administrative forum of limited jurisdiction where state law provided a private right of action).

The Counties speculate that Staats could have filed two suits at once in the state courts: one, his appeal from the LIRC, see Wis. Stat. sec.sec. 111.395, 227.52, and two, an independent suit raising the ADA and Rehabilitation Act claims. Once the two suits were pending in the same state court, they continue, that court could have consolidated them for disposition. See Wis. Stat. sec. 805.05. That theory, however, is inconsistent with the Wisconsin Supreme Court's recent decision in Hanlon v. Town of Milton, No. 99-1980-CQ, 2000 WL 793968, *3-4 (Wis. June 21, 2000) (holding property owner's failure to join sec. 1983 action with certiorari proceeding under Wis. Stat. Ch. 68 did not result in sec. 1983

action being claim precluded). Hanlon tells us that the Wisconsin courts, though they might permit the addition of the federal claims to the administrative review petition, will not require a litigant to do so and will not find claim preclusion for those who do not. 2000 WL 793968 at *4. There is no reason not to apply the same rule to Staats's case.

The Counties argue Waid is distinguishable because that case involved a state administrative decision and not a state court judgment. That could be significant, if we were relying on the principle that unreviewed state administrative findings do not have claim preclusive effect. Here, however, the critical variable is the scope of jurisdiction of both the initial tribunal and the reviewing court. Froebel involved a state administrative tribunal (the Wisconsin Department of Natural Resources) with jurisdiction broad enough to entertain the plaintiff's federal environmental claims; in that situation, we found that the plaintiff was not entitled to raise those claims in a separate federal suit. In Staats's case, in contrast, the state court's jurisdiction on review was as circumscribed as that of the Equal Rights Division and the LIRC: it could hear only the WFEA claim and was not required to consolidate other actions with it. See Patzer, 763 F.2d at 858 n.8; Wis. Stat. sec. 227.57 (providing judicial review of administrative proceedings "confined to the record"). In short, because the WFEA claims had to be adjudicated in a forum of limited jurisdiction, Staats is not precluded from bringing his federal claims in another forum.

We note that there are other important preliminary issues that the district court will have to consider on remand. First, although we have found that Staats is not barred by claim preclusion from bringing his federal claims in federal court, both Elliott and East Food & Liquor suggest that his claim may be de facto dead because of issue preclusion. Elliott, 478 U.S. at 797; East Food & Liquor, 50 F.3d at 1411. See also Marrese, 470 U.S. at 385 ("[U]nder sec. 1738 state issue preclusion law may promote the goals of repose and conservation of judicial resources by preventing the relitigation of certain issues in a subsequent federal proceeding."); Lindas v. Cady, 515 N.W.2d 458, 465 (Wis. 1994) (holding plaintiff precluded from relitigating issue of sex discrimination in state court after having litigated issue in state personnel commission proceedings); Moore v. Labor and Indus. Review Comm'n, 499 N.W.2d 288, 292 (Wis. Ct. App. 1993) (holding federal court's adverse determination of whether plaintiff was an "employee" under Title VII issue precluded his

claim that he was an "employee" under the WFEA). At a broad level of generality, the Equal Rights Division, the LIRC, and the reviewing court were all considering the question whether Staats was a victim of discrimination. On the other hand, it is unclear whether the WFEA incorporates the federal standards from the ADA and the Rehabilitation Act, see Target Stores v. Labor and Indus. Review Comm'n, 576 N.W.2d 545, 553 n.13 (Wis. Ct. App. 1998), and so it is possible that the relevant issues are distinct enough that Wisconsin would not find preclusion. The Counties raised issue preclusion in their brief in support of their motion for summary judgment, but the district court did not rule on issue preclusion because it based the decision on claim preclusion instead.

Second, assuming the issue has not been waived (as neither party raised it apart from a comment Staats's counsel made at oral argument), it is unclear if Title II of the ADA applies to public employers, and, if so, whether administrative exhaustion requirements apply. The circuits are split as to whether Title II of the ADA covers discrimination by public entities in their employment practices. Compare, e.g., Bledsoe v. Palm Beach County Soil and Water Conservation Dist., 133 F.3d 816, 820 (11th Cir.), cert. denied 525 U.S. 826 (1998) (applying Title II to employment discrimination context), with Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1173, reh'g en banc denied 183 F.3d 1161 (9th Cir.), petition for cert. filed 68 U.S.L.W. 3129 (August 10, 1999) (No. 99-243) (holding Title II does not apply to employment discrimination), as are the district courts of this circuit, compare, e.g., Dertz v. City of Chicago, 912 F.Supp. 319, 323-24 (N.D. Ill. 1995) (applying Title II to employment claim brought against public entity); Petersen v. University of Wisconsin Board of Regents, 818 F.Supp. 1276, 1278 (W.D. Wis. 1993) (same), with Patterson v. Illinois Dep't of Corrections, 35 F.Supp.2d 1103, 1109-10 (C.D. Ill. 1999) (holding Title II does not cover employment disputes between public employers and their employees). This court has never addressed the issue, and we decline to do so without its being squarely presented to us.

On a related point, we note that we also have yet to decide whether Title II, like Title I, requires that plaintiffs first exhaust their state court remedies before they may seek their federal remedies in federal court. Some lower courts that have considered the issue have concluded that Title II has no exhaustion requirement. See, e.g., Petersen, 818 F.Supp. at 1280 (holding Title II does not require exhaustion of remedies). That question too has

not been raised before us. Assuming it is neither waived nor moot because of issue preclusion, we leave any further proceedings on this issue for the district court on remand.

III

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.