2020 IL App (1st) 192200

No. 1-19-2200

Opinion filed August 18, 2020.

Modified upon denial of rehearing October 27, 2020.

Second Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHRISTOPHER SEE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 19 L 4408 |
| THE ILLINOIS GAMING BOARD; FRANCESCO | ) | |
| SPIZZIRRI; RICHARD GESIORSKI; MARK | ) | |
| FUESTING; and JAMES PEARCE, | ) | The Honorable |
| | ) | James N. O'Hara, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2019, plaintiff Christopher See filed a complaint in the circuit court of Cook County against defendants the Illinois Gaming Board (Gaming Board), Francesco Spizzirri, Richard Gesiorski, Mark Fuesting, and James Pearce, alleging they violated the whistleblower protections

of the State Officials and Employees Ethics Act (Ethics Act) (5 ILCS 430/15-5 *et seq.* (West 2018)). The circuit court granted defendants' motion to dismiss the suit under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)), concluding that it was barred by the doctrine of *res judicata* due to a prior federal court ruling. See now appeals the circuit court's determination, arguing that the prior federal court ruling was jurisdictional and therefore cannot preclude him from bringing the present suit in state court. He also cites equitable principles in support. We affirm.

¶ 2                                    BACKGROUND

¶ 3     The Gaming Board administers the riverboat and video gambling industry in Illinois and, by statute, can use services from the Illinois State Police (State Police) to fulfill its duties. See 230 ILCS 10/5 (West 2018). See, a sworn law enforcement officer with the Gaming Board, was working as a "Gaming Special Agent" at Jumer's Casino (Jumer's) in Rock Island, Illinois, when the facts underlying the present suit arose. As a gaming special agent, See was responsible for investigating criminal activity related to gambling and taking appropriate law enforcement action when needed. Around August 2016, See filed a 79-page union grievance alleging corruption and favoritism within the Gaming Board and State Police. Following a series of events, See was placed on administrative leave and asked to take a fitness-for-duty examination, as there were concerns about his mental health based on his various statements. The tests resulted in a finding of "fit for duty," and See then returned to work at Jumer's (although he now no longer works there). Over the next several years, See repeated his grievances to other state and federal agencies.

¶ 4     Following these events, on February 10, 2017, See filed suit in the federal district court against the Gaming Board and a number of officials from the Gaming Board and State Police

(federal defendants), alleging first amendment retaliation (count I), as well as violations of the Ethics Act (count II) and the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101–12213 (2012)) (count III). The federal defendants moved to dismiss the Ethics Act claim, arguing it was barred by the eleventh amendment, which generally prevents federal courts from hearing cases against states. More particularly, the eleventh amendment prohibits federal courts from hearing citizens' suits against a state, its agencies, or state officials in their official capacities unless Congress has abrogated the state's sovereign immunity, the state has waived sovereign immunity, or the suit is for prospective injunctive relief. *Indiana Protection & Advocacy Services v. Indiana Family & Social Services Adm'n*, 603 F.3d 365, 370-71 (7th Cir. 2010). As no exceptions applied, the federal defendants argued sovereign immunity barred See's claim, and See conceded the eleventh amendment dismissal.[1] Accordingly, the district court dismissed count II alleging the Ethics Act violation. In June 2019, the district court also granted the federal defendants' summary judgment motion as to the first amendment and ADA claims, thus ruling against See. See appealed that judgment.

¶ 5 Meanwhile, in April 2019, See had filed his present complaint in the circuit court of Cook County, this time solely for the Ethics Act violation, against the same defendants (or those in privity with the federal defendants). The Ethics Act expressly provides that Illinois circuit courts have jurisdiction to hear Ethics Act claims. 5 ILCS 430/15-25 (West 2018). See again asserted that defendants had retaliated against him for reporting corruption within the Gaming Board and State Police, which was a protected activity under the Ethics Act. See alleged that he

---

[1]See has not included in the record on appeal his response to the federal defendants' motion to dismiss, but the Illinois Attorney General has appended it to its appellee brief and now argues that we may take judicial notice of the response since it is a public document of another court. We agree. See *In re Linda B.*, 2017 IL 119392, ¶ 31 n.7 ("Public documents, such as those included in the records of other courts and administrative tribunals, fall within the category of 'readily verifiable' facts capable of instant and unquestionable demonstration of which a court may take judicial notice.").

had notified the State Police and state inspector general, as well as the attorney general, among others, of the alleged corruption. He added that, between August 2016, when he first filed his grievance, and March 2019, defendants had given him intentionally false performance reviews, issued defamatory memos, altered his work hours, declined to give job training, and filed disciplinary charges against him.

¶ 6    Defendants moved to dismiss the complaint under section 2-619(a)(9) of the Code as barred by *res judicata* and collateral estoppel since it was basically the same cause of action, same defendants, and the federal district court had already rendered a final judgment on the merits of the federal action. Defendants argued that to the extent See had raised new allegations in the state action, they could and should have been raised in the federal action. Defendants added that *res judicata* applied because See had "commenced a new action after part of [his] original cause of action [had] gone to final judgment" and, further, that he should be prohibited from claim splitting.

¶ 7    See countered that the federal ethics claim was dismissed under the eleventh amendment for lack of jurisdiction and so the dismissal was not final on the merits. Therefore, See argued that neither *res judicata* nor collateral estoppel applied.

¶ 8    Following responsive pleadings, the circuit court granted defendants' motion to dismiss under section 2-619(a)(9) based on *res judicata*. This appeal followed. The Illinois Attorney General's Office (Attorney General) has filed a brief in response on behalf of the Gaming Board and the named officials.

¶ 9                                    ANALYSIS

¶ 10   A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings that defeat the

claim. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. When ruling on the motion, a court should construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). The question on appeal is whether a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Sandholm*, 2012 IL 111443, ¶ 55. We review such a dismissal *de novo*, and this requires no deference to the circuit court's reasoning. *Benton v. Little League Baseball, Inc.*, 2020 IL App (1st) 190549, ¶ 29. We can thus affirm on any basis present in the record. *Id.*; see also *American Service Insurance Co. v. City of Chicago*, 404 Ill. App. 3d 769, 776 (2010) (a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal).

¶ 11     On appeal, See argues the circuit court erred in granting the Attorney General's section 2-619(a)(9) dismissal motion based on *res judicata*. Although neither party relied on federal common law in the circuit court, on appeal the Attorney General correctly asserts that it applies when determining the preclusive effect of a federal court judgment, and See concedes this point in his reply brief. See *Taylor v. Struggle*, 553 U.S. 880, 891 (2008); *National Union Fire Insurance Co. of Pittsburgh, PA v. DiMucci*, 2015 IL App (1st) 122725, ¶ 30. Given that the Central District of Illinois issued the federal judgment, we turn to Seventh Circuit precedent as we proceed in our review. See *DiMucci*, 2015 IL App (1st) 122725, ¶ 30.

¶ 12     Where it applies, *res judicata* prevents the relitigation of claims already litigated as well as those that could have been litigated but were not. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). The doctrine is designed to relieve parties of the costs and burdens of defending against repeated lawsuits, conserve judicial resources, and promote reliance on adjudications by preventing inconsistent decisions. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under federal law,

*res judicata* has three elements: (1) identity of parties, (2) a final judgment on the merits, and (3) an identity of the cause of action (as determined by comparing the suits' operative facts). *Palka*, 662 F.3d at 437.

¶ 13    Here, there is no dispute as to the first and third elements. There was an identity of parties given that the Gaming Board, Spizzirri, and Fuesting were also named defendants in See's federal action, and the other named defendants in this case (Gesiorski and Pearce) are in privity with the federal defendants. See *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir. 1985) (noting, privity applies to successive parties who adequately represent the same legal interests). There was likewise identity of the causes of action. Both lawsuits arise from the same operative facts involving the alleged retaliatory conduct against See in light of his whistleblowing.[2] See effectively concedes these points. See *Humphrey v. Tharaldson Enterprises, Inc.*, 95 F.3d 624, 626 (7th Cir. 1996).

¶ 14    The dispute, rather, draws on element two of the *res judicata* analysis, *i.e.*, whether there was a final judgment on the merits in the federal action and whether See is precluded from relitigating his Ethics Act claim. See maintains that the federal court never considered the merits of his Ethics Act claim since it was dismissed under the eleventh amendment. He argues it was dismissed on jurisdictional, not substantive, grounds and asserts he should have his day in state court as to the Gaming Board's retaliatory conduct towards him. Indeed, a judgment on the merits is one that completely disposes of the underlying cause of action or determines that the plaintiff has no cause of action. *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). It is a judgment based on legal rights and not mere matters of practice,

---

[2]The Attorney General points out that the additional facts alleged in the state Ethics Act complaint occurred before summary judgment was entered in the federal case and thus for *res judicata* purposes could have been asserted in the federal action. See *Palka*, 662 F.3d at 437.

procedure, jurisdiction, or form. *Whitaker v. Wisconsin Department of Health Services*, 45 F. Supp. 3d 876, 880 (E.D. Wis. 2014). At least one federal district court, in *Whitaker*, has found a dismissal based on eleventh amendment immunity functions more like a dismissal based on the affirmative defenses of lack of personal jurisdiction or venue and thus does not operate as a dismissal on the merits. See *id.*; see also *Harper Plastics, Inc.*, 657 F.2d at 943 (noting a dismissal for want of jurisdiction does not preclude a court of competent jurisdiction from reaching the merits of the claim in a subsequent suit).

¶ 15    The Attorney General responds that it is immaterial whether the federal court's dismissal of See's Ethics Act claim on eleventh amendment immunity grounds was jurisdictional. The Attorney General notes that, in the federal action, See's remaining counts involving the first amendment and ADA proceeded and were ultimately dismissed by summary judgment. Given that See chose to proceed in federal court to final judgment, the Attorney General argues he should be prohibited from relitigating his Ethics Act claim in state court.

¶ 16    The Attorney General's argument focuses on claim preclusion, which is also an aspect of the *res judicata* doctrine. *Waid v. Merrill Area Public Schools*, 91 F.3d 857, 863 (7th Cir. 1996), *abrogated on other grounds by Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984). Generally, plaintiffs must assert their claims initially in the forum with the broadest possible jurisdiction, which allows plaintiffs to resolve in one adjudication the maximum number of claims that arise from a set of events. *Waid*, 91 F.3d at 864. Thus, when faced with an unconstrained choice between a forum of limited versus broad jurisdiction, a plaintiff's decision

to proceed in the more limited forum precludes him from bringing any unlitigated claims in a subsequent proceeding. *Id.* at 864-65. For example, a plaintiff who has causes of action for unfair competition under state law and for trademark infringement under federal law, both arising from the same operative facts, cannot bring a state court action for the unfair competition claim and then turn around and file suit in federal court for the trademark claim. *Id.* at 865. In other words, a party cannot split causes of action into separate grounds of recovery and bring successive lawsuits; where a plaintiff can, he should consolidate all his claims in a single lawsuit. *Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006); see also *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997) ("Two claims arising from the same facts are one claim for res judicata purposes, and may not be split ** by making each claim the subject of a separate suit ***.").

¶ 17    The Attorney General argues that See failed to do this. Rather than filing all his claims in state court, which had unconstrained jurisdiction over the state Ethics Act and federal causes of action, See chose to file them in the more limited forum of federal court. Again, the federal defendants argued sovereign immunity barred See's Ethics Act claim, and See conceded the eleventh amendment dismissal. The Attorney General relies on *Humphrey*, 95 F.3d at 626-27. There, the plaintiff fully litigated a civil rights violation before a Wisconsin state administrative agency, which was a forum of limited jurisdiction that could not consider any additional claims. The Seventh Circuit held that claim preclusion barred the plaintiff's subsequent federal civil rights lawsuit because he had available both state and federal forums with general jurisdiction to address all his claims, but the plaintiff instead chose the limited administrative tribunal.

¶ 18    The Attorney General argues, and we agree, a similar scenario presents itself here. Because Illinois state court had the broadest possible jurisdiction, See should have initiated his

lawsuit there. See could have consolidated all his claims in a single lawsuit in state court, a fact he expressly acknowledged during oral argument. Instead, he chose a limited forum, which means the principles of claim preclusion or claim splitting bar his current suit. We thus reject See's argument that an exception to claim splitting applies.[3] Federal courts only tolerate claim splitting if the plaintiff is *forced* to pursue one claim in a forum with limited jurisdiction and then another in a different forum. See, *e.g.*, *Staats v. County of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) (where administrative agency had exclusive jurisdiction over the plaintiff's state discrimination claim, but could not hear federal claims, *res judicata* did not bar the plaintiff's later federal suit raising the federal claims). That was not the case here.

¶ 19    In his reply brief, See also argues that *Humphrey* is inapplicable because here the federal court did in fact have supplemental jurisdiction to consider his Ethics Act claim. He cites *Higgins v. Mississippi*, 217 F.3d 951, 953-54 (7th Cir. 2000), in support. In *Higgins*, the Seventh Circuit noted the well-established rule that a state may waive its eleventh amendment immunity from being sued in federal court, and then, of course, the federal court can consider the claim. In that sense, *Higgins* noted the immunity operates more as an affirmative defense than a legal principle destroying a federal court's subject matter jurisdiction. The court wrote:

> "A more refined analysis might distinguish between the 'original' eleventh amendment, which forbids the federal courts to entertain diversity suits against states and thus is clearly jurisdictional, from the later interpretations that transformed the amendment into a comprehensive charter of state sovereign immunity, creating thus an affirmative defense rather than a limitation on jurisdiction." *Id.* at 953.

---

[3]In his reply brief, See relies on the Restatement (Second) of Judgments § 25 cmt. e (1982), to argue that his claim splitting actions were permissible, but his reliance on that section is misplaced and contradicted by the accompanying illustrations and also case law, particularly *Waid* (cited above and which addressed section 25).

*Higgins* held, however, that a state's waiver did not preclude a federal court from *sua sponte* raising an eleventh amendment defense, which would result in the suit's dismissal.

¶ 20    In effect, See argues that since the federal court in this case *potentially* could have heard his Ethics Act claim, it was not a limited forum and therefore See should now be able to file suit in state court. See writes: "it was not See who sought to split his claims, it was the Defendants," because they raised eleventh amendment immunity in federal court. He adds that "[t]he only reason that the claim was removed was because the Defendants requested that be done." We reject See's contentions for several reasons.

¶ 21    First, it is worth noting that the Attorney General, in filing its motion to dismiss the federal Ethics Act claim, did *not* advocate that it be removed to state court. The Attorney General simply argued that the claim was barred by the eleventh amendment and therefore should not be heard in federal court. In response, See "acknowledge[d] that the Defendants can properly seek to have this claim dismissed in federal court" and, for that reason, he did "not oppose the motion to dismiss."

¶ 22    Second, See basically advocates a game of jurisprudential roulette with respect to eleventh amendment immunity or a "wait and see" approach, given that in a federal action both the state party and a federal court can raise the defense. Such an approach does not lend to consistency. Again, See could have filed all three causes of action in state court and therefore not encountered *any* eleventh amendment immunity problems. See *Jackson v. Sweet Ideas, Ltd. Partnership*, 321 Ill. App. 3d 1029, 1033 (2001) (noting state courts have concurrent jurisdiction with federal courts over ADA claims); *Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County*, 271 Ill. App. 3d 798, 803 (1995) (noting same with regard to section 1983). Likewise, upon discovering the eleventh amendment hitch in federal court, See could have

sought a voluntary dismissal and then refiled his entire action in state court. See Fed. R. Civ. P. 41(a) (allowing for voluntary dismissals).[4] Instead, See chose to proceed on the two remaining causes of action in federal court, which were summarily dismissed, and to refile his Ethics Act claim. Although preventable, See chose to split his claims, and he now seeks to relitigate a claim that arises from the same operative facts as those already litigated. This is the very thing that *res judicata* was designed to prevent, as See's state action represents additional costs and burdens of defending against a repeated lawsuit, the expenditure of additional judicial resources, and possibly inconsistent decisions. See *Allen*, 449 U.S. at 94; *Supporters to Oppose Pollution, Inc. v. Heritage Group*, 973 F.2d 1320, 1327 (7th Cir. 1992) ("Res judicata is a doctrine of defendant's protection, not of plaintiff's right.").

¶ 23    See made a strategic decision, a point he effectively conceded at oral argument, and cannot now complain that he is being denied his day in court. On the contrary, because See chose to proceed initially in federal court to final judgment, he is bound by the effects of the path he charted. See *Ross v. Board of Education of Township High School District 211*, 486 F.3d 279, 284 (7th Cir. 2007) (noting the fact that an appeal was lodged does not defeat the finality of the judgment); see also *Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011) (noting

---

[4]A plaintiff may voluntarily dismiss his federal action before the opposing party serves an answer or a summary judgment motion, or by stipulation signed by all the parties. Fed. R. Civ. P. 41(a)(1)(A). Alternatively, the plaintiff may request a dismissal by court order, "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). In either case, the dismissal generally operates as one without prejudice, which permits refiling the entire action. See *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 468 (7th Cir. 2013) (noting a voluntary dismissal under Rule 41(a)(2) is without prejudice, meaning that the plaintiff can refile his suit, for example, in state court); *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (a suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed). In his briefs, See does not argue or cite any facts or case law that demonstrate that he could not have sought a voluntary dismissal under Rule 41 and refiled his entire action in state court. See *Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011) (the absence of discussion amounts to abandonment of claims).

finality depends on whether the district court has finished with the case). We therefore reject See's argument that equitable considerations militate against dismissal of his state action.

¶ 24    Finally, even apart from our holding, we conclude that See has forfeited his right to proceed in state court. In his appellant's brief, See relies mainly on an Illinois Supreme Court rule, state law, and a different basis for reversal than in his reply brief. He explicitly violates Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), governing briefs in this court. Rule 341(h)(7) requires that the argument contain the contentions of the appellant together with proper citation to legal authority, and "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.* In addition, See's opening brief fails to meaningfully discuss the nature of an eleventh amendment dismissal in federal court as it relates to claim preclusion. See *Whitaker*, 45 F. Supp. 3d at 880 (noting the absence of federal case law in that context and detailing why an eleventh amendment dismissal is not one on the merits). A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which parties may dump the burden of argument and research, nor is it the obligation of this court to act as an advocate. See *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33.

¶ 25                                CONCLUSION

¶ 26    For all the reasons stated, we affirm the dismissal of See's case based on *res judicata*.

¶ 27    Affirmed.

**No. 1-19-2200**

| | |
|---|---|
| **Cite as:** | *See v. Illinois Gaming Board*, 2020 IL App (1st) 192200 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-L-4408; the Hon. James N. O'Hara, Judge, presiding. |
| **Attorneys for Appellant:** | John A. Baker, of Baker, Baker & Krajewski, LLC, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Carson R. Griffis, Assistant Attorney General, of counsel), for appellees. |