NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 29, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

Nos. 21-1818

| | |
|---|---|
| ROSEE TORRES and NOEL TORRES, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20-cv-04138 |
| WELLS FARGO BANK, N.A., et al., *Defendants-Appellees*. | Mary M. Rowland, *Judge*. |

**O R D E R**

Since Wells Fargo Bank, N.A., foreclosed on their home, Rosee and Noel Torres have sued the bank and other related parties in both state and federal court for fraud, conspiracy, and violations of their federal civil rights, among other claims. Twice, the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court dismissed the Torreses' suits under the *Rooker-Feldman* doctrine. The Torreses filed a third federal suit that alleged essentially the same facts as their prior suits except for one new claim over the nature of the remedy sought. The court this time dismissed the complaint under the doctrine of res judicata, concluding that their claims arose out of the same nucleus of facts. We affirm.

As set forth in their complaint, the Torreses applied for a mortgage to buy two properties adjacent to their home on Chicago's northwest side. The Torreses, a married African American and Latino couple, alleged that their application was rejected for discriminatory reasons—a dispute that they settled with the mortgage company in exchange for a cash payment. They had hoped to apply the settlement funds towards the purchase of the adjacent properties, but assert that they were unable to do so because Wells Fargo—which had bought the mortgage company—used information from their application to generate a fraudulent mortgage note on their primary home.

Extensive state-court litigation ensued. In 2013, the Torreses brought a wide-ranging complaint against Wells Fargo and related defendants, asserting breach of contract, deceptive practices, fraud, racial discrimination, and violations of the Fair Debt Practices Collection Act, among other causes of action. The Torreses later dismissed that action voluntarily. *See Torres v. Wells Fargo Home Mortg.*, No. 13-cv-05542 (N.D. Ill. Nov. 2, 2015). In 2016, Wells Fargo sued in state court to foreclose on the Torreses' mortgage and eventually obtained a judgment of foreclosure and sale. Their home in turn was sold. Later state-court appeals filed by the Torreses were unsuccessful. *See Wells Fargo Bank v. Torres*, No. 1-19-1718 (Ill. App. Ct. June 30, 2020). The state appellate court then sanctioned the Torreses for appealing in bad faith and ordered them to pay Wells Fargo's litigation fees.

Meanwhile, the Torreses turned to federal court and initiated the first of several actions asserting that Wells Fargo had schemed to foreclose on their home using a fraudulent note based on confidential records. In January 2019, they sued Wells Fargo and other parties involved in the foreclosure and sale of their home, raising a litany of claims, including conspiracy, fraud, discrimination, and violations of civil rights laws and the Fair Debt Practices Collection Act. The Torreses sought both an injunction halting the sale of the home and monetary damages; of significance for this appeal, they did not seek damages related to their inability to purchase the adjacent properties. *See Torres v. Judicial Sales Corp.*, No. 19-cv-00112 (N.D. Ill. Apr. 5, 2019). The district court (District Judge Wood) dismissed the case sua sponte for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Torres v. Judicial Sales Corp.*, No. 19-cv-00112 (N.D. Ill.

Apr. 5, 2019) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482–86 (1983)). The court determined that the Torreses' claim to request "recovery of their home" was essentially an attack on the state court's judgment of foreclosure. We affirmed. *See Torres v. Judicial Sales Corp.*, No. 19-1657 (7th Cir. Jan. 27, 2020).

While that appeal was pending, the Torreses filed their second federal suit, reprising claims from their recently dismissed suit. *Torres v. Metz*, No. 19-cv-06526 (N.D. Ill. Apr. 27, 2020). This time, however, they sued only the company that purchased their home (a defendant in the prior federal suit) and its attorney. The district court (District Judge Chang) dismissed this suit too under *Rooker-Feldman*, explaining that the Torreses' claims made clear that the injuries for which they sought relief arose from the state court's foreclosure judgment.

Three months later, the Torreses returned to federal court and filed the complaint that underlies this appeal. They raised essentially the same claims against the same defendants from their prior federal suits, though this time they sought damages only for loss of the opportunity to buy the neighboring properties. The district court (District Judge Rowland) found that these claims were barred by the doctrine of res judicata because they arose out of the same core of operative facts as their two prior federal actions. The court explained that the Torreses' allegations were "fundamentally connected" to the fraud and discriminations claims that had already been litigated, and the Torreses could have brought all their claims in their 2019 federal complaint.

On appeal, the Torreses do not engage with the district court's decision to apply res judicata. Instead, they continue to assert charges of fraud and other wrongdoing with regard to the state's foreclosure proceedings. They maintain, for instance, that Wells Fargo's filing of "fraudulent documents" as the basis for its foreclosure action prevented the state court's foreclosure judgment from ever becoming final.

When determining whether res judicata applies, we look to the law of the state that rendered the judgment. *See Robbins v. MED-1 Sols., LLC*, 13 F.4th 652, 656 (7th Cir. 2021) (citing 28 U.S.C. § 1738). In Illinois, res judicata requires a final judgment on the merits, rendered by a court of competent jurisdiction, on the same cause of action involving the same parties or their "privies." *See A & R Janitorial v. Pepper Constr. Co.*, 124 N.E.3d 962, 966 (Ill. 2018).

Only the "same cause of action" element is disputed here. The Torreses argue this action raises a new claim with regard to the loss of their opportunity to buy the neighboring properties—rather than for the loss of their home itself. But as the district court correctly concluded, res judicata bars all claims that arise from the same core of operative facts, regardless of whether later suits assert different legal theories. *See White v. Ill. State Police*, 15 F.4th 801, 809 (7th Cir. 2021). The test stems from the rule that a party must allege in one proceeding all claims for relief arising out of a single occurrence, or be precluded from pursuing them in the future. *Bernstein v. Bankert*, 733 F.3d 190, 227 (7th 2013); *see also Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) (citing Restatement (Second) of Judgments § 24 (1982)). In any event, the Torreses did, in fact, allege that the defendants "canceled the original application for the purchase" of the neighboring properties in both of their prior federal complaints, so they may not now seek remedies or forms of relief not demanded in the first action. *Id.*

The defendants offer collateral estoppel as an alternative ground for affirmance. We need not consider this argument because res judicata already bars the Torreses' claims.

Finally, we note that this is the Torreses' fourth appeal before this court seeking relief from their foreclosure. *See* Nos. 18-3686, 19-1657, 19-2114. We warn them that further attempts to relitigate this matter may result in the imposition of sanctions, the nonpayment of which could lead to a filing bar under *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED