NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 21, 2022

***Before***

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2403

| | |
|---|---|
| KAREN ROSNECK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:19-cv-702 |
| TONY EVERS, *et al.*, *Defendants-Appellees*. | James D. Peterson, *Chief Judge*. |

## O R D E R

After losing employment-discrimination suits in Wisconsin's administrative agencies and courts, Karen Rosneck, a library assistant at the University of Wisconsin, came to federal court, invoking federal anti-discrimination laws. The district court

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

dismissed her complaint, correctly observing that most of her claims are precluded and another about events from the 1990s is untimely. This appeal is frivolous, so we affirm.

Rosneck began complaining in 2002 that the University has discriminated against her based on age and sex. She charged that the University misclassified her job and refused to interview her for others. She sought relief in Wisconsin's Labor and Industry Review Commission and Employment Relations Commission, but those agencies ruled against her. Rosneck petitioned for review in Wisconsin's state courts and lost. *See Rosneck v. Lab. & Indus. Rev. Comm'n*, 934 N.W.2d 579 (Wis. Ct. App. 2019); *Rosneck v. Wisconsin Emp. Rels. Comm'n*, 922 N.W.2d 315 (Wis. Ct. App. 2018), *cert. denied*, 926 N.W.2d 493; *Rosneck v. State of Wisconsin*, 746 N.W.2d 605 (Wis. Ct. App. 2008).

Rosneck's current suit contains similar allegations. In addition to her previous allegations that the University improperly classified her position and rejected her job applications, she contends that the University committed age discrimination in the late 1990s by creating an internship program limited to recent graduates. She asserts that, because of these actions, the Governor of Wisconsin, the University's president, and others violated federal employment laws, *see* 29 U.S.C. §§ 621–34; 42 U.S.C. §§ 2000e–2000e-17, and the Constitution. *See* 42 U.S.C. § 1983.

The district court dismissed Rosneck's suit. It ruled that Rosneck did not allege that the defendants were personally involved, the events occurred "in the distant past," and they had already been litigated. After giving Rosneck an opportunity to amend her allegations about the internship program, the court dismissed that claim because she alleged that she was interested in it "many years ago," rendering the claim untimely.

On appeal, Rosneck primarily contests the dismissal of her contentions that the University misclassified her position and refused to interview her for other jobs. But she overlooks a fatal problem: we may not consider her contentions. In 2020, we prohibited Rosneck from filing any documents in this court "that seek to challenge the state courts' decisions" relating to her "allegations of employment discrimination." *Rosneck v. Wisconsin*, No. 20-2183 (7th Cir. Jul. 8, 2020). She may not evade that bar by relitigating already-rejected arguments, rather than challenging the state courts' decisions. A federal court must give a Wisconsin judgment the same preclusive effect that a Wisconsin court would. *See* 28 U.S.C. § 1738; *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 562 (7th Cir. 2019). Wisconsin courts have given issue-preclusive effect even to *unreviewed* findings of administrative agencies. *See Lindas v. Cady*, 515 N.W.2d 458, 463 (Wis. 1994). Here, Wisconsin courts have reviewed and affirmed the findings of

administrative agencies that rejected her arguments when Rosneck raised them years ago. Rosneck is therefore precluded from relitigating them. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 478 (1982); *see also Staats v. Cnty. of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000) ("State administrative findings that have been subjected to state judicial review are entitled to both claim and issue preclusive effect in federal courts.").

That leaves us with Rosneck's apparently never-before-litigated claim about the internship program from the 1990s. Rosneck largely waited until her reply brief to address it, thereby waiving her arguments. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Regardless, Rosneck confirms that she was last interested in the program "decades ago." But the longest possible statute of limitations for this claim—under § 1983—is just six years. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing WIS. STAT. § 893.53, *amended by* 2017 Wis. Act 235 (eff. Apr. 5, 2018) (reducing applicable statute of limitations from six to three years)). Therefore, her claim is untimely.

We thus AFFIRM the judgment of the district court. In light of Rosneck's persistence in relitigating claims, we clarify our filing bar. IT IS ORDERED that the clerk of this court shall return unfiled any future documents from Rosneck that seek to relitigate issues decided in *Rosneck v. Lab. & Indus. Rev. Comm'n*, 934 N.W.2d 579 (Wis. Ct. App. 2019); *Rosneck v. Wisconsin Emp. Rels. Comm'n*, 922 N.W.2d 315 (Wis. Ct. App. 2018); and *Rosneck v. State of Wisconsin*, 746 N.W.2d 605 (Wis. Ct. App. 2008). Other than a petition for rehearing, this bar likewise applies to issues raised in this appeal and the underlying district court case.